IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE THOMAS,

    Petitioner,          No. CIV S-05-0564 GEB GGH P

   vs.

TERESA A. SCHWARTZ, Warden,

    Respondents.          FINDINGS & RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        Petitioner has filed an amended petition pursuant to the court's order, filed on June 17, 2005, albeit somewhat belatedly on July 26, 2005.  Although the amended petition was filed somewhat beyond the deadline, the court deems the untimeliness de minimis on this occasion and proceeded to screen the application.  Petitioner challenges a decision by a Board of Prison Terms panel at a December 27, 2004 subsequent parole consideration hearing denying him parole.

        The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner can satisfy the exhaustion requirement

1

by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971), <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert. denied</u>, 478 U.S. 1021 (1986).

After reviewing the amended petition for writ of habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to him (although petitioner, setting forth no basis whatsoever for his premise, asserts that state court remedies are not applicable to him).[1] Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/17/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
thom0564.104

---

[1] Petitioner may have misconstrued a BPT panel member's representation, at the December 27, 2004 hearing, that petitioner need not pursue exhaustion of administrative remedies before proceeding to court to appeal the decision somehow to mean that he could bypass California state courts. <u>See</u> petitioner's exhibit A, partial transcript of the Dec. 27 2004 parole hearing, pp. 11-12.